SC

1

2   **WO**

3

4

5

6               IN THE UNITED STATES DISTRICT COURT

7                    FOR THE DISTRICT OF ARIZONA

8

Clifford Pickette,                    )    No. CV 09-0020-PHX-DGC (MHB)
9                                      )
                    Plaintiff,         )    **ORDER**
10                                     )
vs.                                    )
11                                     )
Richard Mow, et al.,                   )
12                                     )
                    Defendants.        )
13  _____)

14          Plaintiff Clifford Pickette, who is confined in the Fourth Avenue Jail in Phoenix,

15  Arizona, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an

16  Application to Proceed *In Forma Pauperis*.  (Doc.# 1, 4.)[1]  The Court will order Defendant

17  Mow to answer Count I of the Complaint and will dismiss the remaining claims and

18  Defendants.

19  **I.    Application to Proceed *In Forma Pauperis* and Filing Fee**

20          Plaintiff's Application to Proceed *In Forma Pauperis* will be granted.  28 U.S.C.

21  § 1915(a).  Plaintiff must pay the statutory filing fee of $350.00.  28 U.S.C. § 1915(b)(1).

22  The Court will not assess an initial partial filing fee.  28 U.S.C. § 1915(b)(1).  The statutory

23  fee will be collected monthly in payments of 20% of the previous month's income each time

24  the amount in the account exceeds $10.00.  28 U.S.C. § 1915(b)(2).  The Court will enter a

25  separate Order requiring the appropriate government agency to collect and forward the fees

26  according to the statutory formula.

27  _____

28          [1]  "Doc.#" refers to the docket number of filings in this case.

**TERMPSREF**

## II.        Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).  If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).  The Court should not, however, advise the litigant how to cure the defects.  This type of advice "would undermine district judges' role as impartial decisionmakers."  Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies).  Plaintiff's Complaint will be dismissed for failure to state a claim with leave to amend because the Complaint may possibly be saved by amendment.

## III.       Complaint

Plaintiff alleges three counts in his Complaint.  He sues Phoenix Police Officer Richard Mow, Deputy Maricopa County Attorney Janet K. McNaughton, and Deputy Maricopa County Public Defender Jennifer Roach.

Plaintiff alleges the following facts:  On November 8, 2008, Phoenix Police Officer Mow approached Plaintiff and asked him for his identification.[2]  Mow then told Plaintiff that he was going to perform a "Terry frisk."[3]  Plaintiff alleges that rather than searching for weapons, Mow removed a cigarette pack and a beer.  Plaintiff asserts that due to Mow's allegedly illegal search, he was arrested, humiliated, beaten up while he was jailed, and lost

---

[2]  Although not stated in Count I, Plaintiff makes clear that Mow was the officer involved in Count II.

[3]  Plaintiff appears to refer to Terry v. Ohio, 392 U.S. 1, 24-25 (1968), and its progeny.

1  his job.  According to state court documents available online, the Maricopa County Superior

2  Court granted the State's motion to dismiss charges against Plaintiff in CR2008-169933,

3  without prejudice, on February 25, 2009.[4]  Plaintiff seeks compensatory and punitive relief.

4  **IV.     Failure to State a Claim**

5          To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the

6  conduct about which he complains was committed by a person acting under the color of state

7  law and (2) the conduct deprived him of a federal constitutional or statutory right.  Wood v.

8  Ostrander, 879 F.2d 583, 587 (9th Cir. 1989).  In addition, a plaintiff must allege that he

9  suffered a specific injury as a result of the conduct of a particular defendant and he must

10  allege an affirmative link between the injury and the conduct of that defendant.  Rizzo v.

11  Goode, 423 U.S. 362, 371-72, 377 (1976).

12          **A.     Deputy County Attorney McNaughton**

13          Plaintiff sues Deputy County Attorney McNaughton for "accepting" the complaint

14  filed by Officer Mow.   McNaughton is entitled to absolute prosecutorial immunity.

15  Prosecutors are absolutely immune from liability under § 1983 for their conduct in "initiating

16  a prosecution and in presenting the State's case" insofar as that conduct is "intimately

17  associated with the judicial phase of the criminal process."  Buckley v. Fitzsimmons, 509

18  U.S. 259, 270 (1993) (citing Imbler v. Pachtman, 424 U.S. 409, 430 (1976)); Burns v. Reed,

19  500 U.S. 478, 486 (1991) (quoting Imbler, 424 U.S. at 430-431); Ashelman v. Pope, 793

20  F.2d 1072, 1076 (9th Cir. 1986).  Immunity extends to a prosecutor "eliciting false or

21  defamatory testimony from witnesses" or for making false or defamatory statements during,

22  and related to judicial proceedings.  Buckley, 509 U.S. 259, 270 (1993) (citations omitted).

23  Because Plaintiff's allegations solely concern conduct in connection with a prosecution,

24  McNaughton is entitled to immunity.

25          **B.     Deputy County Public Defender Roach**

26          Plaintiff also sues Deputy Maricopa County Public Defender Jennifer Roach for

27

28  _____

[4] See http://www.courtminutes.maricopa.gov/docs/Criminal/032009/m3604416.pdf.

conduct in representing Plaintiff in state criminal proceedings.  To state a claim under § 1983, a plaintiff must not only allege a violation of his constitutional rights, but he must allege that a "defendant's actions were taken under color of state law."  Gritchen v. Collier, 254 F.3d 807, 812 (9th Cir. 2001) (citing Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 155-56 (1978)).  "Acting under color of state law is 'a jurisdictional requisite for a § 1983 action.'"  Id. (quoting West v. Atkins, 487 U.S. 42, 46 (1988)).  "[A] person acts under color of state law only when exercising power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'"  Polk County v. Dodson, 454 U.S. 312, 317-18 (1981) (quoting United States v. Classic, 313 U.S. 299, 326 (1941)). Whether an attorney representing a criminal defendant is privately retained, a public defender or court-appointed counsel, she does not act under color of state law.  See Polk County, 454 U.S. at 317-18; Miranda v. Clark County, Nevada, 319 F.3d 465, 468 (9th Cir. 2003) (*en banc*).  For that reason, Plaintiff fails to state a claim against Roach in his Complaint.

**V.    Claim for Which an Answer Will be Required**

Plaintiff alleges that Mow searched him in violation of his Fourth Amendment rights by searching a pack of Plaintiff's cigarettes and beer as part of Terry frisk for weapons resulting in Plaintiff's arrest.  Defendant Mow will be required to respond to Count I of the Complaint.

**VI.    Warnings**

**A.    Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result in dismissal of this action.

**B.    Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this

1  action.

2  **C.      Copies**

3       Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy

4  of every document that he files.  Fed. R. Civ. P. 5(a).  Each filing must include a certificate

5  stating that a copy of the filing was served.  Fed. R. Civ. P. 5(d).  Also, Plaintiff must submit

6  an additional copy of every filing for use by the Court.  See LRCiv 5.4.  Failure to comply

7  may result in the filing being stricken without further notice to Plaintiff.

8  **D.      Possible Dismissal**

9       If Plaintiff fails to timely comply with every provision of this Order, including these

10  warnings, the Court may dismiss this action without further notice.  See Ferdik v. Bonzelet,

11  963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to

12  comply with any order of the Court).

13  **IT IS ORDERED:**

14       (1)     Plaintiff's Application to Proceed *In Forma Pauperis* is **granted**.  (Doc.# 4.)

15       (2)     As required by the accompanying Order to the appropriate government agency,

16  Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial filing fee.

17       (3)     Counts II and III and Defendants McNaughton and Roach are **dismissed**

18  without prejudice.

19       (4)     Defendant Mow must answer Count I.

20       (5)     The Clerk of Court must send Plaintiff a service packet including the

21  Complaint (doc.# 1), this Order, and both summons and request for waiver forms for

22  Defendant Mow.

23       (6)     Plaintiff must complete and return the service packet to the Clerk of Court

24  within 20 days of the date of filing of this Order.  The United States Marshal will not provide

25  service of process if Plaintiff fails to comply with this Order.

26       (7)     If Plaintiff does not either obtain a waiver of service of the summons or

27  complete service of the Summons and Complaint on a Defendant within 120 days of the

28  filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the

TERMPSREF                                    - 5 -

1    action may be dismissed as to each Defendant not served.  Fed. R. Civ. P. 4(m); LRCiv

2    16.2(b)(2)(B)(i).

3    (8)    The United States Marshal must retain the Summons, a copy of the Complaint,

4    and a copy of this Order for future use.

5    (9)    The United States Marshal must notify Defendant of the commencement of this

6    action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal

7    Rules of Civil Procedure.  The notice to Defendant must include a copy of this Order.  The

8    Marshal must immediately file requests for waivers that were returned as undeliverable and

9    waivers of service of the summons.  If a waiver of service of summons is not returned by a

10   Defendant within 30 days from the date the request for waiver was sent by the Marshal, the

11   Marshal must:

12   (a)  personally serve copies of the Summons, Complaint, and this Order upon

13   Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

14   (b)  within 10 days after personal service is effected, file the return of service

15   for Defendant, along with evidence of the attempt to secure a waiver of service of the

16   summons and of the costs subsequently incurred in effecting service upon Defendant.

17   The costs of service must be enumerated on the return of service form (USM-285) and

18   must include the costs incurred by the Marshal for photocopying additional copies of

19   the Summons, Complaint, or this Order and for preparing new process receipt and

20   return forms (USM-285), if required.  Costs of service will be taxed against the

21   personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil

22   Procedure, unless otherwise ordered by the Court.

23   (10)   **A Defendant who agrees to waive service of the Summons and Complaint**

24   **must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

25   (11)   Defendant must answer the Complaint or otherwise respond by appropriate

26   motion within the time provided by the applicable provisions of Rule 12(a) of the Federal

27   Rules of Civil Procedure.

28   (12)   Any answer or response must state the specific Defendant by name on whose

1  behalf it is filed.  The Court may strike any answer, response, or other motion or paper that

2  does not identify the specific Defendant by name on whose behalf it is filed.

3          (13)    This matter is referred to Magistrate Judge Michelle H. Burns pursuant to Rules

4  72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized

5  under 28 U.S.C. § 636(b)(1).

6          DATED this 24th day of March, 2009.

_____
David G. Campbell
United States District Judge